ELBRIDGE G. WILLIAMS *versus* JACOB HADLEY.

The Revised Stat. *c.* 90, § 10, authorizes the court to require a writ to be indorsed by a sufficient indorser, when, from any cause whatever, it shall appear to the court reasonable.

IT having been made to appear, in the Court of Common Pleas, that the plaintiff in this action was insolvent at the time when the action was commenced, *Strong* J., who was presiding, on motion of the defendant, ordered the plaintiff to procure a responsible indorser of his writ. The plaintiff excepted, on the ground, that that court had no authority to pass such order.

*Brooks*, for the plaintiff.

*Wood*, for the defendant, cited Revised Stat. *c.* 90, § 10: *Haynes* v. *Morgan*, 3 Mass. R. 211 ; *Pierce* v. *Thompson*, 6 Pick. 196.

SHAW C. J. delivered the opinion of the Court. It was objected in this case, that the Court of Common Pleas had no authority to require the plaintiff to procure an indorser of his writ. This depends upon the construction of the Revised Statutes. Revised Stat. *c.* 90, § 10. The first clause of the section directs, that all original writs &c. in which the plaintiff is not an inhabitant of the State, shall be indorsed, and that if the plaintiff removes out of the State pending the action, he shall be required to procure a responsible indorser. It then goes on to state that no indorser shall be required when any one of two or more joint plaintiffs is an inhabitant of the State; and then comes the proviso, " provided that the court may, in all cases, when it shall appear to them reasonable, require the plaintiff to procure a sufficient indorser." The Court are of opinion, that this proviso applies, not merely to the last

*Oct. 6th*

*Oct. 9th.*

clause in the section, as contended for by the defendant, but to the whole section, and was intended to vest a discretionary power in the court, to require an indorser, when from any cause, it shall appear to them reasonable. The construction contended for would be forced and unnatural, and require words to be supplied, which the obvious meaning of the proviso as it stands does not suggest. This statute is certainly a departure from the policy of the *St.* 1833, *c.* 50, which required an indorser only when the plaintiff should not be an inhabitant of the State at the commencement of the suit, or should cease to be one during its progress. But where the change in the phraseology of the statute, is clear and obvious, we are to presume that the legislature intended an alteration of the existing law.

On referring to the report of the commissioners on the Revised Statutes, this point seems to be put beyond doubt. The proviso above cited was not contained in the commissioners' report; they adopted the policy and the provisions of the statute of 1833, *c.* 50, as they found it. But the proviso was added to the section, by way of amendment, by the committee, who acted on the report of the commissioners; and the amendment proposed by them was adopted by the legislature. This proviso, thus introduced, obviously qualifies the whole section, and was intended to modify the law of 1833, and authorize courts to require an indorser, when, under any circumstances, they should think it proper and expedient.

We are therefore of opinion, that it was within the power of the Court of Common Pleas, if it appeared to that court reasonable, to require the plaintiff to furnish an indorser, and that the exceptions must be overruled.